Chief Justice Robertson,
delivered the opinion of the court.
At the April term, in the year 1829, on the motion of John J. Marshall and Humphrey .Marshall, as surviving obligors, the circuit court quashed (as far as it could be considered a statutory bond,) the following recognizance.
“This day the defendant, John J. Marshall with Humphrey Marshall and Roderick Perry, his security, came and undertook that they would satisfy Matthew T. Scott, cashier of the Farmers’ and Mechanics’ Dank, of Lexington, the amount of his judgment, amounting to one thousand one hundred and eighty five dollars ninety five cents, rendered in his favor, against the said John J. Marshall, by the Franklin circuit court, at their March term, 1811, within two years, with legal interest on the wnole amount. Witness our hands and seals, this 9th day of April, 182L
J. J. MARSHALL. (Seal.)
ff. MARSHALL, (Seal.)
RODERICK PERRY, (Seal.)
Signed and acknowledged in the presence of ■ Cuth. S. Anderson, D. CI'kP
The objections made to the recognizance, in the circuit court, were,
1st. That it was not conformable to .the act of assembly, authorizing clerks to take such bonds.
2nd. That it did.not appear to have been acknowledged in the clerk’s office.
It will bo presumed, until the contrary ■appears, that officers do their duty, and that they do not usurp ¡lowers which have been delegated to otiléis exclusively.
These objections aré unavailing, and the judgment of the circuit court is erroneous.
In form, the bond substantially corresponds with that prescribed by law. JL does not expressly show, upon its face, that it was acknowledged before the clerk of the Franklin circuit court or his deputy; but that it was so acknowledged is the deduction of reason, if not the inference of lav/.
No other clerk had authority to take the recognizance;, and we must pi esume, until the contrary shall appear, that officers do their duty and do not usurp power, or ai i ogaie authority, which has been exclusively delegated to others.
The object of .he law, in authorizing such recognizances, was to benefit debtors by permitting them to escape the burthen of unnecessary costs and commissions; and the object of the rognizors, in this case, was to suspend, for two years, the operation of the judgment, and avoid the costs incident to an ordinary re-, plevin on execution. We are not allowed, therefore, to presume that thy would have attempted so nugatory an act, as to have acknowledged a recognizance before any other clerk than the one who alone had authority to take it, and give it the desired effect.
Besides, when the deputy annexed the official adjunct,£!d’pn/y clerk” he should lie understood to have meant “depu y clerk” of the circuit court described in the recognizance.
These, and other considerations, the superaddition of which we deem unnecessary^ are sufficient to show that the first objeción k untenable, especially when >urged by the obligors themselves, who were the actors for their own bcne.it, in the absence and without the concurrence of the judgment creditor.
The second objection is equally ineffectual. The act of ass mbly does hot txpressly r ¡vira such a recognizance to be achnovd-dge'] in the chrFs office, and this court will not make a requisition which it would deem unreasonable, and which the legislature has not prescribed.
But even if the statute had required the clerk to take the acknowledgement in his office; the legal presumption, as against the defendants, is, that this recognizance *435 was so acknowledged, show that it was not. If it were not, they ought to
Haggin, for appellant; Denny,-for appellee.
The recognizance was acknowledged before the clerk, and this is pursuant to the act of assembly.
Wherefore, the judgment of the circuit court'is reversed, and the cause remanded, with instructions to ■overrule the motion to quash the recognizance.